**Affirmed and Memorandum Opinion filed August 1, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00789-CR

**JULIO IBARRA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1593713**

## MEMORANDUM OPINION

A jury found appellant guilty of aggravated robbery and assessed punishment at forty-eight years' confinement. In two issues, appellant contends that the evidence is legally insufficient and the trial court erred by admitting hearsay in violation of the Confrontation Clause. We affirm.

# I.  SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends that the evidence is legally insufficient because the State "failed to connect the named complainant to the charged incident."

## A.    Standard of Review and Legal Principles

When reviewing whether there is sufficient evidence to support a conviction, we look at all the evidence presented in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Turley v. State*, No PD-0262-20, 2024 WL 3167301, at \*3 (Tex. Crim. App. June 26, 2024). If the evidence is so weak that it creates only a suspicion that a fact exists, then it is no more than a scintilla, and the evidence is insufficient. *See McKay v. State*, 474 S.W.3d 266, 270 (Tex. Crim. App. 2015). The evidence is insufficient if there is merely a modicum of evidence probative of an element of the offense. *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

We measure the sufficiency of the evidence by comparing the evidence to the elements of the offense as defined by the hypothetically correct jury charge. *Turley*, 2024 WL 3167301, at \*3. The hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

Generally, the precise name of a complainant is not an element of the offense and, thus, need not be proven as alleged in the indictment. *See Byrd v. State*, 336 S.W.3d 242, 250–53 (Tex. Crim. App. 2011) ("In sum, it is the identity

of the person, not his formal name, that controls and guides the sufficiency of the evidence review."); *Fuller v. State*, 73 S.W.3d 250, 253–54 (Tex. Crim. App. 2002) ("The prosecution's failure to prove the victim's name exactly as alleged in the indictment does not, therefore, make the evidence insufficient to support appellant's conviction under *Jackson v. Virginia*.[1] . . . The victim's name is not a statutory element of the offense."). Although the name of the complainant is not an element of the offense, the State must nonetheless prove beyond a reasonable doubt that the person alleged in the indictment as the complainant is the same person—regardless of the name—as shown by the evidence. *Byrd*, 336 S.W.3d at 252.

## B.    Evidence and Analysis

The State alleged in its indictment that appellant committed an aggravated robbery against the complainant, Gilberto Valdez. The complainant did not testify.

The State presented testimony from an accomplice witness that appellant and others lured a group of drug suppliers into a barbershop under the pretense of a performing a legitimate drug deal, but instead the purported buyers robbed the suppliers and took their cell phones and about one hundred pounds of marijuana.

A deputy with the Harris County Sheriff's Office (HCSO), Benjamin Genghini, testified that he was the first police officer to arrive on the scene. When he arrived, a scared and nervous Hispanic man approached. The man identified himself as Gilberto Valdez. The man told Genghini that he had been robbed by three Hispanic men with "AR-15 styled rifles" who had taken some items from him, and one of his friends had been kidnapped. Genghini identified the man depicted in State's Exhibit 27 as Valdez:

---

[1] 443 U.S. 307 (1979).



Over appellant's hearsay and Confrontation Clause objections, the trial court admitted State's Exhibit 26, identifying the man as Gilberto Valdez:[2]



<hr />

[2] In a sufficiency review, we consider all of the evidence, including evidence that was improperly admitted. *Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016).

4

The court admitted pictures showing injuries to the man's face and ligature marks on his wrists, consistent with other evidence that the victims of the robbery had their wrists zip-tied together.

Both the State and appellant introduced exhibits that included video recordings of the robbery from security cameras inside and outside of the barbershop. An investigator with the HCSO testified that Valdez can be seen on the surveillance video. The investigator learned that Valdez traveled with another man to the barbershop on the night of the robbery.

The first screenshot shown below is from Defense Exhibit 2 and identifies the accomplice witness, Hernandez, as the man kicking the "complainant" soon after the complainant entered the building:



Another screenshot from a State's exhibit shows one of the robbers pointing a large gun in the man's face, consistent with Valdez's description of an "AR-15 styled" gun:



Another screenshot shows the robbers pulling the complainant, whose shirt appears to be torn at the neck, into a corner of the room before he appears to be bound with zip ties.



Jurors are routinely tasked with making their own identifications of parties based on reviewing surveillance videos and circumstantial evidence. *Cf., e.g., Stone v. State*, 635 S.W.3d 763, 768 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (sufficient evidence of the defendant's identity as the perpetrator because the jury could compare the defendant's likeness to surveillance videos). Here, the surveillance videos show a man identified as the "complainant" in this case. Compared to the photographs in State's Exhibits 26 and 27 of the man who identified himself as Gilberto Valdez, the complainant in the surveillance video is wearing similar clothing with an apparently torn shirt, having his head kicked and wrists tied while a robber points an "AR-15 styled" gun in his face. The jury was free to review the surveillance videos and other exhibits showing the man and his injuries, consider the statements to Genghini that his name was Gilberto Valdez and that he was a victim of a robbery, and determine that the man was in fact the complainant in this case, Gilberto Valdez.

A rational trier of fact could have found beyond a reasonable doubt that the person alleged in the indictment as the complainant is the same person—regardless of the name—as shown by the evidence.[3]

Appellant's first issue is overruled.

## II. ADMISSION OF EVIDENCE

In his second issue, appellant contends that the trial court erred by admitting testimonial hearsay contained within State's Exhibit 26—specifically, the

---

[3] Appellant does not complain about a material variance between the indictment allegation and the proof at trial, so we do not perform such an analysis, which is common in cases addressing a failure to prove the name of a complainant identified in the indictment. *See generally Jacob v. State*, 587 S.W.3d 122, 126–132 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd).

complainant's name Gilberto Valdez—and the admission violated the Confrontation Clause of the Sixth Amendment to the United States Constitution.

We assume without deciding that appellant preserved a Confrontation Clause complaint and that the trial court erred by not redacting the name "Gilberto Valdez" from the exhibit as appellant requested at trial. Nonetheless, appellant was not harmed.

Constitutional error requires reversal unless this court concludes beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex. R. App. 44.2(a). This court must reverse if there is a "reasonable possibility that the *Crawford*[4] error, within the context of the entire trial, 'moved the jury from a state of non-persuasion to one of persuasion' on a particular issue." *Davis v. State*, 203 S.W.3d 845, 852–53 (Tex. Crim. App. 2006) (quoting *Westbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000)). Put another way, a court should affirm the conviction if the court is convinced beyond a reasonable doubt that the admission of the testimonial hearsay would probably not have had a significant impact on the mind of an average juror. *Id.* at 852.

When reviewing whether the admission of this evidence is harmless beyond a reasonable doubt, this court considers the following non-exclusive factors: (1) the importance of the hearsay statement to the State's case; (2) whether the hearsay statement was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the hearsay testimony on material points; and (4) the overall strength of the State's case. *Id.*

The overall strength of the State's case on the issue of the complainant's identity was not overwhelming since the complainant did not testify. But, the

---

[4] *Crawford v. Washington*, 541 U.S. 36 (2004).

importance of the hearsay statement was minimal because, as noted above, the State did not need to prove that the person depicted in the exhibit was named Gilberto Valdez, only that the person depicted in Exhibit 26 was the complainant identified by the evidence. *See Byrd v. State*, 336 S.W.3d 242, 250–53 (Tex. Crim. App. 2011); *Fuller v. State*, 73 S.W.3d 250, 253–54 (Tex. Crim. App. 2002). In other words, under the evidence presented in this case, the complainant's name was not particularly important to proving his identity as the complainant. Moreover, the statement was cumulative of other admitted evidence. Genghini identified the man in the photographs as the named complainant, Gilberto Valdez. There was no evidence contradicting the hearsay statement and only evidence corroborating the man's identity as the complainant. Indeed, appellant's own exhibit, Defense Exhibit 2, identified a man sharing significant likeness with the man depicted in State's Exhibit 26 as the "complainant."

Considering the entire record, we are convinced beyond a reasonable doubt that the admission of the hearsay statement—the complainant's name appearing in State's Exhibit 26—would probably not have had a significant impact on the mind of an average juror. *See Jones v. State*, 843 S.W.2d 487, 500 (Tex. Crim. App. 1992) (harmless error from the admission of the defendant's name on a label for a blood vial, which was admitted to prove that the vial contained the defendant's blood, because a witness testified without objection that the blood vial contained the defendant's blood); *see also Davis*, 203 S.W.3d at 853–56 (harmless error from the admission of the complainant's statements concerning how the defendant attempted to strangle her with a rope when there was other corroborating evidence of strangulation, despite the defendant's testimony denying strangulation).

Appellant's second issue is overruled.

### III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b)